IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ALAN KARLSSON, | ) | CIV. NO. 07-00242-BMK |
| | ) | (In Admiralty) |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER GRANTING IN PART |
| | ) | AND DENYING IN PART |
| KONA BLUE WATER FARMS, | ) | PLAINTIFF'S MOTION FOR |
| LLC, | ) | PARTIAL SUMMARY |
| | ) | JUDGMENT |
| Defendant. | ) | |
| | ) | |
| _____ | ) | |

ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S
MOTION FOR PARTIAL SUMMARY JUDGMENT

Now before the Court is a motion for partial summary judgement filed

by Plaintiff Alan Karlsson (hereinafter "Karlsson") against Defendant Kona Blue

Water Farms, LLC (hereinafter "Kona Blue") on the issues of whether Karlsson is

a Seaman for the purposes of his work-related injury claims, and whether

Defendant breached the warranty of Seaworthiness.  The Motion was argued

before the Court on September 26, 2008. After careful consideration of the parties'

arguments, the memorandum and documents supporting and opposing this Motion,

the Motion is GRANTED as to Plaintiff's Seaman Status, and DENIED as to

Defendant's Breach of the Warranty of Seaworthiness.

## SUMMARY JUDGMENT STANDARD

Motions for summary judgment are only granted when the court determines that there is no genuine issue of material fact, and that the undisputed facts warrant judgment for the moving party as a matter of law.  Fed. R. Civ. P. 56(c).  In determining whether a genuine issue of material fact exists, courts must resolve all ambiguities and draw all factual inferences in favor of the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986); see also Cline v. Indus. Maint. Eng'g & Contracting Co., 200 F.3d 1223 (9th Cir. 2000).

The court's function in deciding a motion for summary judgment is not to try issues of fact, but to determine whether there are any issues to be tried. Anderson, 477 U.S. at 249.  If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper.   See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987) (summary judgment must be denied if a rational trier of fact might resolve the issue in favor of the non-moving party).

## BACKGROUND

Plaintiff Alan Karlsson was employed as an assistant offshore manager by Defendant Kona Blue, an aquaculture company operating off the coast

of Kona, Hawaii. Kona Blue's operation included moving 40-55 lbs bags of fish feed from a storage location onshore to Defendant's boats. Karlsson claims that he suffered back injuries while lifting and moving fish feed bags in the course of his employment with Kona Blue.

On May 10, 2007, Karlsson initiated this personal injury action against his former employer, Kona Blue. Karlsson brings his claims under the Jones Act and general maritime law. On August 18, 2008, Karlsson filed the present Motion for Partial Summary Judgment on the following issues: (1) that Karlsson qualifies as a seaman, and (2) that Kona Blue breached the warranty of seaworthiness.

## PLAINTIFF'S SEAMAN STATUS

Kona Blue does not contest Karlsson's status as a seaman as it pertains to this action. Therefore, Karlsson's Motion for Summary Judgment as to Plaintiff's seaman status is GRANTED.

## DEFENDANT'S BREACH OF THE WARRANTY OF SEAWORTHINESS

Karlsson makes two principle arguments in support of his claim that Kona Blue's operation was unseaworthy. He contends that the injuries suffered by Plaintiff and other employees is clear proof that Kona Blue breached the warranty of seaworthiness by not supplying adequate equipment for the job. He also argues

that Neil Sims, Kona Blue's President, and Michael Wink, Kona Blue's CEO, essentially admitted in their depositions that Kona Blue's fish feeding operation was dangerous and unseaworthy, and that the subsequent declaration from Mr. Sims refuting this interpretation is self-serving and unavailing.  The Court will address these points in turn.

The maritime doctrine of seaworthiness imposes on the owner of a vessel an "absolute duty" to "provide a vessel and appurtenances reasonably fit for their intended use."   Mitchell v. Trawler Racer, Inc., 362 U.S. 539, 550 (1960) . This duty extends to providing "tools reasonably fit for their intended use." Michalic v. Cleveland Tankers, Inc., 364 U.S. 325, 327 (1960).  Unseaworthiness may result from "an unsafe method of work" or a "failure to provide adequate equipment for the performance of an assigned task." Vargas v. McNamara, 698 F.2d 15, 18 (1st Cir. 1979)(citing Michalic, 364 U.S. at 327).  Under the doctrine of seaworthiness, no showing of knowledge or negligent conduct by defendant is necessary, and "no amount of due care or prudence" is an excuse.  Michalic, 364 U.S. at 327.

Although the doctrine "imposes liability without fault, . . .the standard is not perfection ." Lindemann v. Empress Casino Hammond Corp., 2000 A.M.C. 2306, 2311(N.D. Ill. 1999).  A seaworthy ship need not be "accident-free."

4

<u>Mitchell</u>, 362 U.S. at 550.  To defend a charge of unseaworthiness a defendant may present evidence showing that the method of work at issue was customary in the industry, and not otherwise unreasonable.  <u>Phipps v. N.V. Nederlandsche Amerikaansche Stoomart, Maats</u>, 259 F.2d 143, 146 (9th Cir. 1958).

Karlsson contends that the nature of his work for Kona Blue, which involved manually lifting and moving of 40-55 lbs bags of fish feed, and Kona Blue's failure to provide mechanical assistance for the lifting and moving process, rendered Kona Blue's operation unseaworthy.[1]  Karlsson proffers evidence of injuries suffered by Daniel Okamura and Stephen Barnes to show the dangerousness of Kona Blue's fish feed operation.  (Pl. Mot. 8-9).  Karlsson contends that the existence of multiple injuries[2] is proof of unseaworthiness.  Certainly, the prevalence and severity of injuries is strong evidence of unseaworthiness.   However, the standard for unseaworthiness is not perfection, or that a vessel's operation be accident-free.  <u>Mitchell</u>, 362 U.S. at 550.  Even when

---

[1]  Kona Blue did purchase a Gradall, a type of forklift, on or around August 9, 2005, but there is no suggestion by either party that it was in use at the time of Plaintiff's injuries.  (Def. Opp. 10).

[2]  In Plaintiff's Reply Memorandum, reference is made to six injuries suffered by five different individuals working for Kona Blue.  At the September 26, 2008 hearing on this Motion, Plaintiff suggested that as many as a dozen or more injuries have occurred.  However, in Plaintiff's Motion for Partial Summary Judgment, evidence only of the Barnes, Okamura and Karlsson injuries was introduced.  As Kona Blue had opportunity to respond only to evidence of these three injuries, the Court will consider only these three injuries in deciding this Motion.

an accident does occur, "a shipowner is not liable simply because it asked a seaman to perform heavy lifting." Rutherford v. Lake Michigan Contractors, Inc., 132 F. Supp. 2d 592, 595 (W.D. Mich. 2000).

To rebut Karlsson's argument that the presence of multiple injuries proves unseaworthiness, Kona Blue introduces the testimony of Joe Hendrix, an expert on aquaculture. Hendrix opines that manual transportation of fish feed bags is customary practice in the start up phase of aquaculture operations. (Def. Ex. 7). When a method of work is customary within an industry, then that method must be shown to be unreasonable in order to prove unseaworthiness. Lindemann, 2000 A.M.C. at 2311-12. Defendants also offer the testimony of Dr. Wilson C. Hayes, a biomedical expert. Hayes states that the method of work at Kona Blue's fish feed operation was "within safe limits that protect workers." (Def. Opp. 8).

The testimony of Hendrix and Hayes raises an issue of material fact as to whether the method of work employed by Kona Blue was customary in the aquaculture industry, and if it was, whether it was nonetheless unreasonably dangerous. Karlsson asserts that the opinions of Kona Blue's experts are "incontrovertibly false" and urges the Court to disregard them. While Mr. Hendrix's and Mr. Hayes's conclusions may be subject to refutation, they are not demonstrably false as asserted by Karlsson. It is for the trier of fact to determine

6

the credibility and weight to be given to testimony, expert or otherwise, and where such a determination is required, summary judgment is inappropriate.

Karlsson contends that the deposition answers of Sims and Wink amount to an admission by Kona Blue that the fish feed operation was unseaworthy.  Sims testified that he felt "frustration [] with the strain that was being asked of my employees" and that his concern over the state of affairs reached the level of "damn it, we've got to solve this now."  (Pl. Reply 4-5).  In response, Kona Blue contends that the meaning of Sims's statement was misconstrued by Plaintiff and offers a declaration from Sims stating his belief that at the time of Karlsson's injury the operation was safe.  (Sims Decl. 2).  Karlsson urges the Court to grant summary judgment regardless, because "a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony."  Kennedy v. Allied Mut. Ins. Co., 952 F.2d 262, 266 (9th Cir. 1991).

The Court agrees with Karlsson that the self-serving declaration by Sims should be viewed as less probative than the earlier deposition testimony. However, the statements of Sims and Wink, even under Plaintiff's interpretation, cannot be viewed as legally determinative on the question of seaworthiness.  As Karlsson makes clear in his Motion, seaworthiness is not a negligence type inquiry in which the knowledge of defendant is a factor, but rather an absolute warranty of

objectively reasonable fitness.  (Pl. Mot. 3).  Therefore, the opinions of Sims and

Wink are merely one piece of evidence that must be interpreted and weighed by the

trier of fact in determining the seaworthiness of the Kona Blue fish feed operation.

Viewed in the light most favorable to Defendant, there exists an issue of material

fact as to whether the statements of Sims and Wink prove the unseaworthiness of

Kona Blue's operation.

Finally, the Court rejects Kona Blue's contention that the primary

duty rule requires that the Court deny Plaintiff's Motion.  The primary duty rule

bars a claim by a seaman if the seaman (1) consciously assumed a duty, (2) was

injured by a dangerous condition created by the seaman or which could have been

controlled or eliminated by the seaman in the proper exercise of his or her duties,

and (3) the seaman knowingly violated his or her duty.  N. Queen, Inc. v. Kinnear,

298 F.3d 1090, 1096 (9th Cir. 2002).  Here, Kona Blue introduced  no evidence

that Karlsson could have controlled or eliminated the risk of back injury in Kona

Blue's fish feed operation, nor is there clear evidence that doing so was a duty

Karlsson consciously assumed as a term of employment.  (Pl. Reply 12).  Indeed,

Defendant's opposition to this Motion is prefaced on the idea that Kona Blue itself

could not have reduced the risk involved in the operation.  (Def. Opp. 8-9).

CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion for Partial Summary Judgment as to Karlsson's Seaman Status.  The Court DENIES Plaintiffs Motion for Partial Summary Judgment on the issue of Seaworthiness.

IT IS SO ORDERED.

Dated: Honolulu, Hawaii, October 23, 2008.



 /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Karlsson v. Kona Blue Water Farms, LLC; Civ. No. 07-00242-BMK; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT